UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No **11-20427-CR-HUCK/BANDSTRA(s)**

UNITED STATES OF AMERICA

vs.

HAI MA VENTURES, LTD

        Defendant.
_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (or "this Office") enters into the following plea agreement with **HAI MA VENTURES, LTD** (hereinafter referred to as the "Defendant" or "Hai Ma") enter into the following agreement:

1. **Guilty Plea**

A. On such date as the Court may determine, Defendant **HAI MA VENTURES, LTD.**, through a properly authorized Officer or Director, shall plead guilty in the Southern District of Florida to a single count Criminal Information to be filed, charging that:

On or about June 23, 2010, at Fisher Island, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant, **HAI MA VENTURES, LTD.,** did knowingly engage in and attempt to engage in prohibited conduct, that is, the importation and attempted importation of wildlife, that is, approximately forty-two (42) wildlife items comprised of specimens of ivory of extant species of elephants (*Loxodonta africana/ Elephas maximus*), and in the exercise of due care should have known that said wildlife was transported and possessed in violation of and in a manner unlawful under the laws, treaties and regulations of the United States, specifically, the Endangered Species Act, Title 16, United States Code, Section 1538(a)(1)(A), (c), and Title 50, Code of Federal

Regulations, Part 23, in violation of Title 16, United States Code, Sections 3372(a)(1), 3372(a)(4), and 3373(d)(2), and Title 18, United States Code, Section 2.

B.  The Defendant admits that it is guilty of the offense set forth in the Criminal Information and that the Factual Statement incorporated hereafter is an accurate statement of its conduct, and agrees to so advise the Court and plead guilty to the One Count Criminal Information.

2.  **Sentencing Guidelines and Penalties**

A.  The Parties agree and understand that, because the crime charged occurred after November 1, 1991, the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines) relating to the sentencing of organizations (Chapter 8), which apply here, except to the extent that the provisions related to the calculation and imposition of fines for wildlife crimes do not apply to the offense charged in the criminal information. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines for Organizations, and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office. The Defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the court has the

authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

  B. The parties agree that the statutory maximum amount of the fines to be imposed under the statute charged is $200,000.00, 18 U.S.C. §3571(c)(5), or twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victims of the crime, whichever is greater, 18 U.S.C. §3571(d), and that the sentence may include a term of probation of not more than five (5) years. 18 U.S.C. §3561(c)(2). In addition, Defendant **HAI MA VENTURES LTD**, understands that the Court may order restitution to any victims of the crimes, and must order the Defendant to pay a $125.00 mandatory special assessment, 18 U.S.C. §3013(a)(1)(B)(iii), which the Defendant agrees to pay on the day of sentencing.

  3. **Corporate Authorization**

Defendant **HAI MA VENTURES LTD** has provided to this Office written evidence in the form of a certified resolution by the Board of Directors, certifying that the Defendant is authorized to plead guilty to the charges set forth in the One-Count Criminal Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that a specified Officer or Director of **HAI MA VENTURES LTD.**, including through counsel, is authorized to take these actions and that all corporate formalities, including, but not limited to, approval by Defendant's directors, required for such authorization have been observed. Defendant agrees that the authorized representative of Defendant **HAI MA VENTURES LTD** shall either appear in person, or through counsel, on behalf of Defendant to enter the guilty plea in the Southern District of Florida and shall also appear for the imposition of the sentence in the Southern District of Florida.

4. **Sentence Recommendation**

The United States Attorney's Office and Defendant **HAI MA VENTURES LTD** agree to jointly recommend to the Court that the following sentence is appropriate and should be imposed in this case, and to jointly request that the Court impose sentence in the same hearing during which Defendant's plea is accepted.

A. A criminal fine in the amount of $25,000.00 to be paid in full on the day of sentencing. The parties agree that they shall jointly recommend to the Court that the fine be made payable to the Clerk, United States District Court, Southern District of Florida, and upon payment shall be forwarded to the Lacey Act Reward Fund established pursuant to Title 16, United States Code, Section 3375, and administered by the Secretary of the Interior. The Clerk of the Court should direct the remittance to:

> U.S. Fish and Wildlife Service
> Lacey Act Reward Account
> 1875 Century Boulevard, Suite 380
> Atlanta, Ga. 30345
> Attn: Connie Sanders
> USFWS Case No. **2010403517**

B. Defendant **HAI MA VENTURES LTD** and the United States jointly agree that there are no victims of the offense charged and that, accordingly, an order of restitution is not warranted in this matter.

C. Defendant **HAI MA VENTURES LTD** and the United States jointly agree that the approximately forty-two (42) wildlife items comprised of specimens of ivory of extant species of elephants will be condemned and forfeited to the United States through disposition by separate

4

STIPULATION AND SETTLEMENT AGREEMENT, in **United States v. One (1) Elephant Foot, et. al.**, Case No. 11-20021-CIV-ALTONAGA.

D.  Ordinarily, in a case such as this, the United States Attorney's Office would recommend a period of probation and imposition of various remedial measures. However, imposition of a term of probation is not required as a condition of this sentence and this office and **HAI MA VENTURES, LTD.**, agree to jointly recommend that one should not be imposed as **HAI MA VENTURE, LTD's** only activity is the ownership and operation of the vessel involved in the criminal offense, which is otherwise subject to inspection and review upon any entry into the United States.

E.  The participation of the United States Attorney's Office in the joint recommendations set forth above is conditional upon the terms of this agreement, including the Defendant meeting all the financial commitments identified herein at the time of sentencing, including payment of the mandatory special assessment.

5.  **Factual Statement**

On June 23, 2010, the vessel *M/Y BETTY C.I.*, IMO Official Number 734591, registered in George Town, Cayman Islands, made entry into the United States at Fisher Island, Miami-Dade County, Florida, from the Bahamas. The registered owner of the *M/Y BETTY* is the Defendant, **HAI MA VENTURES, LTD.**, a corporation established under the laws of the Cayman Islands, British West Indies. Inspection of the *M/Y BETTY C.I.* by U.S. Customs and Border Protection (CBP) specialists and Wildlife Inspectors and Special Agents of the U.S. Fish and Wildlife Service (FWS) identified the presence on board of various decorative wildlife items regulated under the federal Endangered Species Act and Convention on International Trade In Endangered Species of Wild

Fauna & Flora (CITES). These items, included approximately forty-two (42) specimens represented to be antique elephant ivory, namely: One (1) elephant foot; seven (7) ivory balls; one (1) ivory lamp; fifteen (15) ivory canes; ten (10) ivory stir sticks; one (1) ivory box with pieces; one (1) ivory hammer; one (1) ivory pepper grinder; one (1) ivory box with picture; one (1) ivory scabbard; one (1) ivory eyeglass case; one (1) set of two ivory hands connected by chain; and one (1) ivory wine bottle opener. Although antique ivory may be legally possessed and sold, federal regulations require it to be declared upon importation to the United States to both CBP and FWS, and to be accompanied by appropriate CITES permits. The items on the Betty were openly placed about the vessel, and there was no evidence to suggest the items would be used for commercial resale.

Proper declaration of the various items was not made to the cognizant federal agencies as required by law and regulation, and the items were not accompanied by CITES export or re-export permits, or equivalent documents, from their countries of natal origin or re-export, as provided for by Appendix I and Appendix II of CITES and/or the Endangered Species Act.

Accordingly, **HAI MA VENTURES, LTD.**, as owner and operator of the *M/Y BETTY, C.I.*, failed to comply with the relevant provisions of U.S. law, as charged in the One-Count Criminal Information.

**HAI MA VENTURES, LTD**. agrees that the foregoing is an accurate statement of what took place and accepts and acknowledges full responsibility for the acts and omissions of its Director, Officer, employees and agents.

6. **<u>Express Waiver of Right to Appeal Guilty Plea and Sentence</u>**

Pursuant to this plea agreement, the Defendant agrees to enter an unconditional plea of guilty to the One-Count Criminal Information. As a result of entering the guilty plea, the Defendant

expressly waives all defenses or objections to the One-Count Criminal Information and reserves no future defenses or rights to appeal any decisions of the Court. Defendant further expressly agrees to waive all constitutional, statutory, common law, jurisdictional and non-jurisdictional defects in the proceedings and/or defenses to the One-Count Criminal Information, including, but not limited to any and all pretrial motions, post-trial motions, post-sentencing motions, defenses, objections or collateral attacks. In sum, the Defendant expressly waives any and all appellate review, whether direct or indirect, with regard to the Criminal Information.

The Defendant is additionally aware that Title 18, United States Code, Section 3742, would normally afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings, concessions and considerations made by the United States Attorney's Office in this plea agreement, Defendant **HAI MA VENTURES, LTD.**, hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution or community service order, or to appeal the manner in which the sentence was imposed, except a criminal fine or penalty in excess of that recommended by the Parties in this plea agreement. The Defendant further understands that nothing in this agreement shall affect this Office's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, in the event that the United States Attorney's Office appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights solely with respect to sentencing. By signing this agreement, counsel for the Defendant acknowledges that he has discussed the appeal waiver with the Defendant and that defense counsel, along with the prosecutor, will request that the district court enter a specific finding regarding the Defendant's knowing and voluntary waiver of its right to appeal the sentence imposed, as set forth in this agreement.

7. **Binding Final Agreement**

None of the terms of this agreement shall be binding on the United States Attorney's Office until this agreement is signed by a properly authorized representative of the Defendant and defense counsel, and until signed by the United States Attorney for the Southern District of Florida, or their designees.

The parties agree that this plea agreement is the only agreement between the United States Attorney's Office and Defendant concerning this matter, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in a writing that is signed by all the parties. No other promises or inducements have been or will be made to the Defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED TO AND
RESPECTFULLY SUBMITTED,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 7/15/11    By: _____
                 JOSE A. BONAU
                 ASSISTANT UNITED STATES ATTORNEY

Date: 7/16/11    By: _____
                 DAN GELBER, ESQ.
                 ATTORNEY FOR DEFENDANT

HaiMaPAfinal.wpd

8